IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **JULIUS CEASAR CAMPBELL and JULIA MAE CAMPBELL,** | ] ] ] | |
| **Plaintiffs,** | ] ] | |
| | ] | CV-06-BE-0302-E |
| v. | ] ] | |
| **CITIFINANCIAL MORTGAGE CO., INC.,** | ] ] ] | |
| | ] | |
| **Defendant.** | ] | |

### MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This case is before the court on Defendant's Motion to Compel Arbitration and to Stay Proceedings (doc. 7). For the reasons set forth below, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

Plaintiffs entered into a real estate loan with Ford Consumer Finance Co., Inc. on or about April 16, 1993. Plaintiffs refinanced this loan with Ford Consumer Finance on December 22, 1994. On December 22, 1999, Plaintiffs entered into a Modification of Loan Agreement with Associates Home Equity Services, Inc., n/k/a CitiFinancial, modifying the terms of Plaintiffs' December 22, 1994 loan. In conjunction with this Modification Agreement, Plaintiffs also executed an Arbitration Agreement, which is specifically incorporated by reference into the Modification Agreement.

On December 30, 2005, Plaintiffs sued Defendant for negligence and breach of contract in the Circuit Court of Calhoun County, Alabama. Defendant removed the case to this court on February 14, 2006. On April 24, 2006, Defendant filed this Motion to Compel Arbitration (doc.

7).  The court entered a briefing schedule on April 25, 2006, which required Plaintiffs to respond no later than May 16, 2006.  Plaintiffs did not file a response.

## STANDARD OF REVIEW

The parties' burdens on a motion to compel arbitration resemble the parties' burdens on a motion for summary judgment.  *See Kenworth of Birmingham, Inc. v. Langley*, 828 So. 2d 288, 290 (Ala. 2002); *Allied-Bruce Terminix Co's. v. Dobson*, 684 So. 2d 102,108 (Ala. 1995) (citing *Par-knit Mills, Inc. v. Stockbridge Fabric Co.,* 636 F. 2d 51, 54 n.9 (3rd Cir. 1980)); *see also In re Knepp*, 229 B.R. 821, 835 (N.D. Ala. 1999) (citing 4 Am. Jur. 2d *Alternative Dispute Resolution* § 122 (1995) ("generally, the burden is on the movant to demonstrate to the court that the dispute is arbitrable.").  A party seeking to compel arbitration must proffer a contract containing a written arbitration agreement and demonstrate that the underlying contract evidences a transaction affecting interstate commerce.  *Kenworth of Birmingham*, 828 So. 2d at 290;  *see also In re Knepp*, 229 B.R. at 835 (noting that the movant bears the burden to demonstrate by clear and unmistakable evidence that an agreement to arbitrate existed between the parties).  If the party seeking to compel arbitration establishes the above-referenced elements, then the burden shifts to the opposing party to present evidence that the arbitration agreement is not valid or that it does not apply to the dispute in question.  *Kenworth of Birmingham*, 828 So. 2d at 290.

## DISCUSSION

In its Motion, Defendant provided evidence to show that all of the Federal Arbitration Act's requirements are met in this matter.  Specifically, Defendant showed that (1) a written arbitration agreement existed between the parties; (2) interstate commerce is involved; and (3) the arbitration agreement encompasses the claims Plaintiffs assert in their lawsuit.  Accordingly, Defendant met its burden as a party seeking to compel arbitration.

In contrast, Plaintiffs did not file any response to Defendant's Motion. Consequently, the court finds that Plaintiffs failed to meet their burden of presenting evidence that the arbitration agreement is not valid or is otherwise inapplicable.

## CONCLUSION

Defendant's Motion to Compel Arbitration and to Stay Proceedings, Including Discovery (doc. 7) is **GRANTED**. The parties are **ORDERED** to proceed to arbitration in accordance with the Arbitration Agreement signed on December 22, 1999. The case is **STAYED** pending the outcome of arbitration. The parties are further **ORDERED** to submit, in writing, a <u>Joint</u> Status Report to the court on the last working day of each month that this case remains in arbitration. The Report shall contain information sufficient to keep the court apprised of the progress of arbitration.

DONE and ORDERED this 2nd day of June, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE